Good morning again, Your Honors. Michael Weinstein, this time for Appellant Pablo Bastidas. Your Honors, this non-capital habeas case of you recognized raises the same jurisdictional issue. And procedurally and factually, it's a little bit more complicated than Mitchell's case, but the same result is required. Well, the problem here is that the magistrate judge actually never – well, she denied a stay as to the non-articulated claim. But she never actually denied the claim – stay as to the two claims that he then voluntarily dismissed which were in the original federal petition. That's correct. And I gather this case is about all three of those claims, so they're somewhat different. Is that right? Yeah, the three claims are different. The issues are different. This court could remand on the basis of the magistrate judge's order on the stay or it could remand on the basis of the orders related to the motions to dismiss that were filed I think about a year later. But the motions to dismiss were not ruled upon either because – I mean, I gather your argument about the two original claims that were in the petition is essentially, well, because she had denied the stay earlier, he knew she was going to deny the stay as to this or what? Well, not necessarily, yes. So what this case really comes down to, at least for the two claims that were part of the petition that were unexhausted, is how do we characterize Bastidas' notice of withdrawal? And you have to look at what led to the filing of that. And a number of unusual things happened in this case too that really cut against a finding that that notice of withdrawal was a voluntary motion to dismiss, which is how Respondent has been characterizing it. So the way this case played out in district court is that Bastidas was initially represented by counsel. Counsel filed a four-claim petition. The time thing is not working. Go ahead. Okay. It's got some extra time because it wasn't working. That's good. It's a more complicated case, so we might need it. So like I was saying, Bastidas is initially represented by counsel. Counsel files a four-claim petition. And in that petition, counsel admits that two of the claims are unexhausted and requests a rind stay. Now, Respondent never responded to that request. The magistrate judge never ruled on it. You fast-forward about a year. Counsel now withdraws from the case. Bastidas is left proceeding pro se. After that, he files a motion for stay. And if you look closely. Not as to that. No, no, no, as to a fifth claim. But this is relevant to all of it. Because if you look at the order on the stay, the magistrate judge made an erroneous finding. She actually found that all four claims were exhausted. Respondent never contested that finding. You fast-forward a little bit later. Actually, I think it was the same day the magistrate judge did something that was very bizarre. Without the benefit of any briefing and taking into consideration you have a pro se petitioner, she finds that the attorney-client privilege has been waived. And then she directs Respondent's counsel to go get declarations from Bastidas' trial counsel and his state appellate counsel so that she can assess the merits of his ineffectiveness claim and his equitable tolling argument. You move a little bit further down the line. It's now been about two and a half years since the petition was filed. And Respondent for the first time raises the non-exhaustion defense and files that motion for leave to file a motion to dismiss. And in that motion to dismiss issues a warning. If you don't delete your claims, your petition is going to be dismissed. So you look at all of that. You have the abandonment by counsel. You have this erroneous ruling on exhaustion. Wait a minute. When did she say if you don't delete your claims? There was no order saying you don't. No, no. It wasn't the magistrate judge. It was Respondent's counsel that included that in her motion to dismiss. She requested it. She requested it. Well, I think her language was the petition should be dismissed if Bastidas doesn't exhaust the claims. Right. And so you have abandonment by counsel, this erroneous ruling on exhaustion. But he hadn't at that point, he still hadn't exhausted the claims or he tried to. Is that right? Correct. So, therefore, I mean, whatever. I mean, one of the problems here is that whether the first claim was equitably told or not, this one couldn't possibly have been because it was now two years later and he knew the counsel wasn't doing anything, he still hadn't exhausted anything. Which claim are you talking about? The two non-exhaustion claims in the petition. In other words, the equitable tolling ruling wasn't transferable. Right. Because the facts were different. Right. But I actually think that you might have it backwards. The two unexhausted claims were initially filed with the petition. All the equitable tolling arguments mainly applied to that petition. And, you know, our argument is that under Doe versus Busbee because State Appellate Counsel. But it's two years later and he still hasn't exhausted it. Right, but the. So, therefore, whatever the ineffective assistant and the lawyer might have gotten in his way for exhausting, he wasn't getting in his way for the next two years. Right, but are we talking about equitable tolling, about whether he established good cause under Reins? Equitable tolling. Okay, because equitable tolling, if you look at the timeline for that, counsel, State Appellate Counsel had terminated the attorney-client relationship. And within six months after that, the petition was filed. And the petition was filed with those two unexhausted claims. So if equitable tolling goes from the time that State Appellate Counsel was representing him in state court. I see. So you would say in terms of the federal timeline. Yes. Yeah, I'm talking about federal statute limitations. The fifth claim we still think relates back to the initially filed petition. Yeah, the fifth claim, this case differs because he was seeking to add a non-exhausted claim to the petition, right? That's correct. And Reynaga and CMKM Diamonds talk about claims that are disposed in the petition. But that's because that's the issue that was presented in those cases. It didn't actually issue a limitation saying it's only on claims within the petition. It's just that those were the facts in those cases. So this court doesn't have to rule that if a claim is not part of a petition, it's automatically, it does not fall under Reynaga and CMKM Diamonds. The only other thing that I'd like to get back to is if you characterize this notice of withdrawal, which is really what this case comes down to, at least for the two unexhausted claims, as, you know, an action that was compelled by Respondent and that was born out of fear by this threat and confusion because of this erroneous exhaustion ruling, then it really becomes more like an involuntary motion to dismiss that in tandem with Respondent's motion for leave to file a motion to dismiss would be a dispositive order or dispositive motion. And 636 lists an involuntary motion to dismiss as one of those motions that a magistrate judge cannot determine. It's a great puzzle, huh? It is a very confusing case. But, like I said, I mean, I think at the end of the day, you know, you look at what happened, the practical effect of all these orders is that Bastidas was like Mitchell, all he wants is for a district judge to rule on the merits of his claims. But the district judge, I mean, in the other case, it seems like the magistrate judge should have known what was going on. In this instance, at least with respect to the two claims that were in the original petition, this guy shows up and says, I want to dismiss them. He's not asking for a stay. What's he supposed to do? And then what he says he wants to do, he's not asking her to stay anything. Well, I think that she should have evaluated everything that led up to that notice and realized that she had made a monumental mistake earlier in the case by not ruling on the Rhine's request. Well, because you didn't grant the earlier stay, I want to dismiss this. When he just said he just wanted to dismiss them. Right. But he's a pro se litigant. That doesn't know much better. But, I mean, how could she put words in his mouth? She doesn't have to put words in his mouth. But, like I said, she can look at everything that led up to it and take a look at all the circumstances, realize that there is an issue here that should be presented to an Article III judge because it is a very complicated issue. Have you ever tried to diagram this case? I'm trying right now in my head. I remember in law school one of the stories that Captain Kidd used to tell about the young lawyers that met the partner down at the train station in San Francisco. They were going to take the train to come down to L.A. And so the old partner said, where are the authorities? And the young associate said, oh, I've got them all in my head. He said, well, the next time we go down together, leave your head at the office and bring your authority. So it's better to be on paper, you know. Okay. Anyway. We're talking about the grain writ, which turns out to be the grain joke. Okay. As a capital habeas attorney, I can say that's correct. That's what's happening. Well, unless the Court has any further questions, I'd like to reserve the remainder of my time for rebuttal. Good morning again, Your Honors. May it please the Court, I'm Deputy Attorney General Kim Ahrens, appearing on behalf of the Warden. With regard to the stay, as the Court stated, the request for a stay was regarding a claim that was not included in the petition. It really doesn't fall under a Rines stay. It's more of a Kelly stay because under Rines, the claim is already in the petition, and the petition is held in abeyance while the petitioner goes back to exhaust. Under Kelly, the claim is dismissed, and then the petition is later amended to add the claim in. Here, the claim wasn't part of the petition. By denying the stay, the Court, in effect, I guess the argument that your opposing counsel makes, by denying the stay, the Court, in effect, said that Bacidas would never be able to raise that claim. The Court didn't state that. No, I understood that by denying the stay, isn't that the practical effect? Yes, but it. So whether or not he then went and exhausted it would be of no import. Correct. In federal court. Correct, but it's tantamount to a motion to amend and to add a claim. That's the purpose of the stay, so it's no different from. So you're going back to the magistrate judge didn't see it as dispositive, so in their view of it, even though, in effect, and that's the way I see it as it is more in line with the first case. But here, was Bacidas told that he could take that rejection of the stay to the district court for review? No, he was not. In addition, the dismissal of the two unexhausted claims, the subsequent dismissal wasn't the product of any action by the magistrate. The magistrate didn't issue any orders. It was in response to the warden's request for leave to file a motion to dismiss, and the dismissal was clearly voluntary. Mr. Bacidas didn't have to request the claims be dismissed. He could have waited for the magistrate to issue an order. Did he really have any other choice? Absolutely. He could have waited. Tell me what he could have done. He could have waited for the magistrate to issue an order, and he knew how to request a stay because he had done it before, and so he certainly had the wherewithal to request a stay. On these claims, he could have requested a stay under Reins because the claims were already included in the petition. But the district judge, in ruling on the first one, had essentially said even if she did it under Reins, she wouldn't do it. So, as a practical matter, he knew she wouldn't do it. The district judge found that the claims were untimely under Reins. I believe that it would be futile. And the Reins analysis. The magistrate judge. I'm sorry, the magistrate judge. I apologize. The situation is different here because the claims were included in the petition, so they wouldn't necessarily have to relate back as they would under Reins. I believe it was a Kelly analysis when the first stay was denied. It was also a very short Reins analysis. Yes. Yes, Your Honor. Here, he wouldn't need to make that showing that the claims would have to relate back. And with regard to his contention that he had no choice but to dismiss the claims because of the warden's motion to dismiss, the Concha case is on point. The Concha case holds that a voluntary dismissal is a voluntary dismissal, even if it's made in response to a motion to dismiss. And unless the court has any questions, I would submit. Your analogy to the motion to amend sort of troubled me more on the ground of what is the authority for the notion that any denial of a motion to amend is not dispositive? It seems that it would be dispositive in some instances. It is. It comes from the United States versus, I believe the case is Dominator case. It's the case that's frequently cited in this jurisdiction where the court held that a motion to amend to add a party was not a dispositive motion. And why is it not a dispositive motion? In the Dominator case, it held that it wasn't a determination of merits. I know why. What was the reason? It's not a determination of the merits of the claim, especially where the claim doesn't exist in the petition. It doesn't prevent the action from moving forward. So it's not an involuntary dismissal of the action because the claims raised in the initial petition are still going forward. Well, in that case, they granted the leave to amend, right? No. The court denied the leave to amend to add another party to the action in that case. Well, I'm looking at the beginning of the case that says, after the statute of limitations has run, Dominator filed a motion for leave to amend its complaint. The amended complaint added a claim for the salvage of the Sea of Alaska and joined the Sea of Alaska as a defendant. The district court referred the motion to a magistrate who ruled in favor of Dominator. You're correct. I apologize. The motion was granted. All right. Well, that's not dispositive. It was not dispositive. It was held not to be dispositive. I understand, but if it had been the opposite, how could it not be dispositive? I apologize. Could the court repeat the question? How could it not? If the result had been the opposite, i.e., you can't amend these people in, how could it not have been dispositive? It wouldn't be dispositive of an existing claim in the petition because it's changing the nature of the claim. And it should be a good thing. Is there a Dominator that says that? I don't believe that case says that, but it should address a claim that exists in the petition. Otherwise, it could go on and on and on with adding new claims. You can deny them on the merits, but that's not the issue. The question isn't the merits here. The question is, does she have authority to do it, rather than to issue a report and recommendation? The common-sense approach is that dispositive and non-dispositive should address a claim in the petition, an existing claim. And where it's an entirely unrelated claim doesn't affect any claim in the petition. It can't be dispositive of a claim or defense in the petition. It might be dispositive of some other claim or defense, but it's not dispositive of a claim or defense in the action. I have this question. In fact, because it was the opposite. Yes. That's not very useful. Anything else? No, Your Honor. I would submit. Thank you. Thank you very much. I just have one thing to add, and it really has to do with how do we characterize Bastidas' notice of withdrawal. And you just have to look at the timing. The two unexhausted claims were a part of this case for two and a half years, and they were being litigated for two and a half years. And ten days after Respondent filed the motion for leave to file a motion to dismiss, that's when he finally filed the notice of voluntary withdrawal. So to me, that suggests that it was clearly compelled by Respondent's action. And as I mentioned earlier, because it was born out of confusion and fear, that also cuts against the voluntariness of it. Unless there are no other questions, I'll submit as well. Thank you.
judges: Pregerson, Wardlaw, Berzon